(101 App. Div. 330)

### BARRINGER v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1904.)

Dissenting opinion. For majority opinion, see 91 N. Y. Supp. 386.

PARKER, P. J. (dissenting). I concur in the conclusion reached by my Brethren, that the defendant was plainly chargeable with negligence which caused the plaintiff's injury, and also that the facts of this case do not warrant the conclusion reached by the county court, that the defendant was liable for such injury, even though the plaintiff himself was guilty of negligence which contributed to it; but I do not concur in their conclusion that the plaintiff was shown to be free from contributory negligence. It seems to me that we should hold in this instance that the plaintiff's conduct so clearly contributed to his injury that the verdict of the jury upon that question should not be allowed to stand. In Fleckenstein v. Dry Dock, etc., R. Co., 105 N. Y. 655, 11 N. E. 951, the court lays down this rule:

"Street railways have the lawful right to put their tracks in streets, and run their cars thereon. Their cars are confined to the tracks, and cannot turn out to avoid obstacles thereon. Hence they have the right of way, and persons lawfully driving upon the same tracks must not recklessly, carelessly, or willfully obstruct the passage of their cars. But such persons are not absolutely bound to keep off or get off from the tracks; they must fairly and in a reasonable manner respect the paramount right of a street railway; and, if they do this, and, without any fault on their part, they are injured by carelessness or fault chargeable to the railway, the law affords them a remedy by action for damages."

The plaintiff in the case before us did not give the slightest consideration to the passage of the defendant's car, but recklessly, and so indifferently as to suggest willfulness, drove for upwards of 500 feet through an open and entirely unobstructed street, with abundant room to turn away from the rail, yet so close to it as to prevent the car's passing his cart until it should slow down and wait for him to turn aside. During the whole of this distance he was in a position to obstruct the car and risk being hurt, or to turn away about a foot and allow the car free passage, and at the same time secure certain safety for himself. Such a method of unnecessarily obstructing the track, when it could as easily and conveniently be left free, is not, in my judgment, "a fair and reasonable manner of respecting the paramount right of the street railway." Nor does it indicate such reasonable care for his own safety as warrants his complaining of carelessness on the part of the motorman. I think he owed, both to himself and to the defendant, under such circumstances, greater care than merely to drive off or away from the track when warned that the car was upon him. The rule above cited indicates that he is not yet exonerated from all care

of himself, and that he may not entirely rely upon the care of the motorman to protect him. In this case the circumstances seem to indicate that the motorman misjudged the distance between the car and the cart, and so hit the cart in his effort to pass it. If the plaintiff had exercised a very slight amount of care on his part, the accident would not have occurred, and, in my judgment, it was his plain duty to have so exercised it.

I think the judgment should be reversed.