PETER BECTENWALD, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. STREET RAILWAYS: Collision: Contributory Negligence: Humanitarian Doctrine. Where a traveler on the street places himself in a perilous situation and the motorman on a street car sees or by the exercise of ordinary diligence could see his peril and avoid a collision which he fails to do, the humanitarian doctrine applies and the railway company is liable.

2. ————: Negligence: Contributory Negligence: Petition: Instruction: Variance. An instruction and the allegations of the petition relating to an injury by a street car company are compared and no variance is found.

3. ————: ————: Pleading: Instruction: Evidence. The practice code requires a statement of the facts on which the pleader relies. The scope of the pleading is a matter of law for the court, and the instruction should be based on the evidence.

4. ————: ————: Traveler in the Street: Jury. A traveler in a street where cars are operated is not always required to both look and listen for their approach. He should do one or the other and it is a question for the jury to determine whether under the circumstances he should have done both.

5. ————: ————: Owner: Instruction: Evidence. Held, that there was sufficient evidence to permit an instruction to assume that the defendant was the owner of the car line complained of.

6. ————: Collision: Assumption: Warning: Instruction. An instruction relating to the motorman's assumption that the traveler would get off the track, and to a warning of the approach of the car, is considered as modified by the court and approved.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*John H. Lucas, Charles A. Loomis* and *H. H. Mc-Cluer* for appellant.

(1)   The court erred in refusing to give defendants' peremptory instruction asked at the close of plaintiff's evidence, and again, at the close of all the evidence.   On the whole record plaintiff is not entitled to recover.   Hogan v. Railroad, 150 Mo. 55; Markowitz v. Railroad, 186 Mo. 350; Zumault v. Railroad, 175 Mo. 311; Sharp v. Railroad, 161 Mo. 235; Tanner v. Railroad, 161 Mo. 511; Holwerson v. Railroad, 157 Mo. 224; Rine v. Railroad, 88 Mo. 399; Frank v. Transit Co., 112 Mo. App. 496; Roenfeldt v. Railroad, 180 Mo. 563; Kirtley v. Railroad, 65 Fed. 391; Railroad v. Moseley, 57 Fed. 921.   (2)   The court erred in giving each of the following instructions, numbers 1, 2, 3, 4 and 5, asked for by plaintiff.   First.   Instruction one.   Authorities under point one.   Schmitt v. Railroad, 160 Mo. 57; Frank v. Transit Co., 112 Mo. App. 496; Little v. Macadaros, 29 Mo. App. 332.   Second.   Instruction two.   Authorities under point one.   Third.   Instructions three and four.   Authorities under point one.   Fourth.   Instruction five.   13 Cyclopedia of Law and Procedure, 183; Fair v. Marti, 30 Tex. Civ. App. 132; Railroad v. Hammer, 23 Ky. L. 1846; O'Connor v. Prendergast, 99 Ill. App. 531.   (3)   Instructions numbered 4, 8 and 11, as modified should not have been given, but should have been given as asked.   First.   As to instruction four. Heinzle v. Railroad, 182 Mo. 528.   Second.   As to instruction eight.   Hogan v. Railroad, 150 Mo. 55; Little v. Hackett, 116 U. S. 371. . Third: As to instruction eleven.   Hicks v. Railroad, 124 Mo. 127; Markowitz v. Railway, 186 Mo. 358; Tanner v. Railway, 161 Mo. 512.   (4) The court erred in refusing to give instructions 7, 10 and 12, and each of them, requested by defendant. Authorities under point one.

*Walsh & Morrison* and *Horace H. Blanton* for respondent.

(1) The demurrer to the evidence was properly overruled. Waddell v. Railway, 113 Mo. App. 685; Ross v. Railway, 113 Mo. App. 600; Winters v. Railway, 99 Mo. 517; Jett v. Railway, 178 Mo. 664; Meeker v. Railway, 178 Mo. 173; Baird v. Railway, 146 Mo. 265; Hinzeman v. Railway, 182 Mo. 611; Roenfeldt v. Railway, 180 Mo. 585; Peterson v. Transit Co., 89 S. W. 1042; Levelsmeir v. Railway, 90 S. W. 10; Fearons v. Railroad, 180 Mo. 208. (2) Plaintiff's instructions correctly state the law. Anderson v. Bradford, 102 Mo. App. 433; See authorities cited under point I. That instruction on measure of damages was correct see: Doyle v. Trust Co., 140 Mo. 1; McNamara v. Transit Co., 106 Mo. App. 352; Parman v. Kansas City, 105 Mo. App. 693. (3) The court's action in modifying defendant's instructions was proper. Cases supra. (4) There was no error in the refusal of instructions.

BROADDUS, P. J.—This action is based upon the alleged negligence of the defendant in the operation of its street car whereby the plaintiff was injured. The evidence on the part of plaintiff shows that on the 28th day of March, 1903, while he was driving his vehicle north along Main street in Kansas City, Missouri, in close proximity to, and part of the time upon, the tracks of the defendant he was struck by one of defendant's cars going in the same direction, which had the effect of throwing him from his vehicle whereby he was injured. The plaintiff was driving a blind horse and was sitting between two other persons when the car struck his wagon. He drove onto Main street from Thirty-third street and proceeded north until he approached Twenty-ninth street, at which time there were several other wagons proceeding slowly in the same direction. He

was aiming to pass these wagons and in doing so it was necessary for him to approach closely the tracks in question. He was thus traveling part of the time some witnesses say with one wheel on the track for a distance of from one hundred to one hundred and fifty feet when in order to pass the last of said wagons he pulled onto the track, at which time he was struck by defendant's car. He did not look back at any time for an approaching car but trusted to his hearing for that purpose. He and his witnesses state that no bell was rung by the motorman until just before the car struck the wagon and too late to avoid the collision. The car ran about one hundred feet before it was stopped. Plaintiff stated that it was inconvenient for him to look back sitting as he was between the two other persons. At the point in question the street is down grade. The time of the occurrence was daylight, the track in good condition and it was shown that the car in question could have been stopped in a distance of fifty feet. The defendant's motorman testified that he was ringing the bell, but for another wagon close to the tracks; that he did not see plaintiff's wagon until just before he struck it; and that he stopped the car in about thirty feet after the collision. To the plaintiff's case as thus made, defendant interposed a demurrer which the court overruled. Plaintiff recovered in the sum of $1,500, from which defendant appealed.

Defendant contends that as plaintiff could have seen the approaching car and avoided the injury had he looked, he was guilty of such contributory negligence as precluded his right to a verdict. This claim ignores the negligence of defendant's motorman in failing to see plaintiff's peril after he got upon the tracks in time to have avoided the collision. That is to say: "Where the plaintiff has been negligent a recovery can never be had on account of defendant's mere negligence." The defendant's position in this respect is based upon its con-

struction of the meaning to be given to the ruling in Markowitz v. Railroad, 186 Mo. 350. It was there held that "A showing of a mere possibility that the accident might have been avoided in spite of plaintiff's contributory negligence is not sufficient to authorize the invocation of the humanitarian doctrine." The holding has no application here, as it was shown that the motorman saw or could have seen if he had been looking which it was his duty to do, that plaintiff was in peril and unaware of his danger, in time by the exercise of ordinary precaution to have avoided the collision.

The position is sought to be upheld by the holding in Tanner v. Railway, 161 Mo. 497. But there is nothing in that case that tends to support defendant's theory. It is merely a statement of the humanitarian rule which the court holds does not apply under the facts in evidence.

In Morgan v. Railroad, 159 Mo. 262, the humanitarian doctrine was elaborately discussed in an opinion by Judge VALLIANT and the statement of the doctrine as found in Kellny v. Railroad, 101 Mo. 67 l. c. 74-5, was adopted as the most satisfactory which in substance is, that "*under any circumstances* where the injury is produced by the concurrent negligence of both plaintiff and defendant, yet if the defendant, before the injury, discovered or by the exercise of ordinary care could or might have discovered the perilous situation in which plaintiff was placed by the concurring negligence of both parties and neglected to use the means at his command to prevent the injury, then his plea of contributory negligence shall not avail him." Such negligence on the part of the defendant is said to be either willful, reckless or wanton. [Moore v. St. Louis Transit Co., — Mo. App. —, 92 S. W. 390.] In this late case the Supreme Court said, where the facts showed that plaintiff had placed himself in a perilous position on the tracks of defendant and that the motorman in charge of the car

saw the plaintiff in peril "and recklessly disregarded the rules of prudence and humanity in running him down, or if he did not see him, his failure to do so was owing to a reckless disregard of ordinary care in keeping a lookout for pedestrians who had a right to use the street as well as the railway," the humanitarian doctrine applied. The plaintiff in this case recovered upon a state of facts similar to the one above. If plaintiff's witnesses are to be believed the motorman must have discovered plaintiff's peril in time to have avoided injury, if he had been looking ahead. If he did not see him it was because he was not keeping a lookout which the court say it was his duty to do. In either event the humanitarian doctrine applies. Cole v. Railway Co., — Mo. App. —. It therefore follows that the court did not err in overruling defendant's demurrer to plaintiff's evidence.

Under the definition as found in the opinion in Morgan v. Railroad, and Kellny v. Railroad, *supra,* the defendant would be liable as the evidence of plaintiff was to the effect that the motorman did not give warning of the approach of the car by ringing the bell, thus making it a case where the concurring negligence of both plaintiff and defendant placed plaintiff in peril. But whether the motorman did or did not ring the bell seems to make no difference under the ruling in Moore v. Railroad, *supra,* if the plaintiff was in peril, it was the duty of the motorman if he saw him in such peril or could have seen him had he looked, to have used all the means at his command to prevent injuring him.

Instruction numbered one given on the part of plaintiff is objected to as enlarging the issues in the case, and because it permitted the jury to say that driving on a railroad track without looking or listening, was exercising due care. The plaintiff went to the jury on two grounds for recovery, viz: One upon the humanitarian theory and one upon the theory alone of defendant's

negligence. The allegations of negligence in the peti-
tion are as follows: "That on or about the 28th day of
March, 1903, while plaintiff was driving along, ap-
proaching and in close proximity to the tracks of the de-
fendant on said Main street between Twenty-ninth and
Thirtieth streets in said city, and in the public street
where plaintiff had a lawful right to be, the said defend-
ant, by and through its servants, agents and employees
engaged in operating a certain electric car, coming from
the south upon said Main street, at the place aforesaid,
carelessly, negligently and unskillfully and without
warning to the plaintiff, ran said electric car with great
force and violence against the wagon then being driven
by plaintiff upon which he was seated as aforesaid,
. . . that the agents, servants, etc., of the said defend-
ant in charge of said electric car saw or by the exercise
of reasonable care and diligence might have seen the
plaintiff in a position of imminent peril near to, upon
and approaching the track of defendant at said point in
time to have slackened the speed of the car or to have
stopped in time to have prevented the collision and con-
sequent injury to the plaintiff, etc." And then follows
an allegation that they failed to do so, and of plaintiff's
injuries in consequence of the defendant's negligence.
The instruction practically follows the language of the
petition to the effect that, if defendant's operators in
charge of the car saw plaintiff's peril or could have seen
it in time to have avoided the collision, and that plaintiff
was without negligence, the jury would return a verdict
in his favor.

It will be seen that this instruction submitted the
case to the jury upon the question of defendant's negli-
gence and the contributory negligence of plaintiff, and
not upon the humanitarian theory, for if the plaintiff
was not negligent that doctrine does not apply. The
petition does not seem to have been written with a view
to any particular theory of the law, but merely a state-

ment of the facts as understood by the pleader.    And that is just what our code of practice requires.    Its scope is a matter of law to be determined by the court. Now it seems to us that, if it was shown that defendant's employees saw or could have seen that plaintiff was in a place of danger in time to have avoided the collision by the use of ordinary precaution, he was entitled to recover under the petition, although his perilous situation was not the result of his own negligence.    And the instruction was justified under the evidence.    It was shown that plaintiff relied upon hearing the bell in the event a car should approach him from behind, and there was ample evidence that no such warning was given in time for him to have gotten out of danger.    A person on a public street where street cars are operated and where he has the right to be, is not always required to both look and listen for their approach in order to avoid the danger of being struck by them, but he should do one or the other, and it is a question for the jury to determine whether under the circumstances he should have done both as a matter of due care.    [Schmidt v. Railroad, 191 Mo. 215; Lang v. Railroad, 115 Mo. App. 489.]

Another point made against the instruction is that it assumes that the defendant was operating the car in question, which is true.    Although the general denial in defendant's answer put that question in issue, we think the court under the circumstances was justified in its assumption as the defendant tried the case upon the theory that it was operating the car in question.    In instructions 7, 10 and 12 offered by the defendant it was also assumed that it was the owner of the tracks and operating the car.    The motorman who was operating the car at the time in question was asked these questions:  "Q.    Now, you are not working for the Metropolitan?    A.    No, sir.    Q.    When did you quit working for them?    A.    I couldn't tell you exactly."    We do not think defendant has any reason to complain on that

ground. [Oyler v. Railroad, 113 Mo. App. 375; Kerr v. Railroad, 113 Mo. App. 1.]

The objections to plaintiff's other instructions, except the fifth, have been answered by what has already been said. We find no defect in number five.

Instruction numbered 11, offered by the defendant was refused, modified by the court and given as so modified. The defendant assigns this action of the court as error. The instruction reads: "You are further instructed that, even though you may believe and find from the evidence that the motorman in charge of the car saw the plaintiff traveling northward on Main street, and upon or near the railway track, yet under the law he had the right to assume that plaintiff would keep off the track, and allow the car to pass him, and not undertake to go upon or across the track in front of said car in such a manner as to expose himself to a collision, or if he went upon the track, that he would get across or off of said track and out of danger of a collision with said car before it would reach him, and said motorman was not required to stop said car, nor was he required to check or slacken the speed of the car until there was actual danger of a collision." The modification consisted in adding after the words, "yet under the law he had the right to assume" and before the words that the plaintiff would get off the tracks the following, "if he gave warning of the approach of the car."

The contention of defendant is that it was not bound to give such warning until the plaintiff was in a situation of actual peril. In other words defendant was not required to perform any act looking to the safety of persons on the streets until found placed in a perilous situation. This leaves out of the consideration the fact that the rights of all persons on the streets including the defendant are equal. While every one is required to look out for his own safety, something more is required of defendant, viz: The safety of others, because it is

operating dangerous machinery. In this case plaintiff was traveling along a public street of the city near or upon the defendant's tracks where he had equal rights with defendant. The position of defendant is that it was not necessary to give him warning until the motorman discovered that he was not going to get off, or away from the tracks. It seems that this discovery was too late to prevent the collision. The operator of the street railway has no right to place a person who is lawfully on the street in peril. But it assumed that plaintiff by being on or near the tracks placed himself in peril. If this is true defendant's argument falls to the ground, for it cannot be denied that such being the case the duty to give warning of the approach of the car was imperative. But he was not in peril until after the motorman failed to give him warning that he wanted to pass by him. It was a failure of duty upon the part of the motorman in not giving plaintiff such warning before he attempted to pass him, that brought about the peril. It seems to us that defendant's claim amounts to this, *that its obligation in such cases is not to guard against danger, but only against its consequences.* This in our opinion is the assertion of a very dangerous principle which the courts cannot sanction.

We have examined the other questions raised by defendant in its brief and argument but we do not deem them important. The cause is affirmed. All concur.