(Johnson v. Meeker, 96 N. Y. 93, 48 Am. Rep. 609; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663), and therefore the present action was not barred. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.

---

### NORMAND v. HUDSON VALLEY RY. CO.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

1. STREET RAILROADS (§ 85*)—RIGHTS IN STREET.

While a street car company has a paramount right to use its tracks in a street, and the driver of a vehicle must leave the track promptly on hearing the signal, he can drive on the street car tracks and assume that a car will not collide with him from the rear without giving him warning of its approach and an opportunity to leave the track, and that the car will not approach in excess of the speed limit.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. § 85.*]

2. STREET RAILROADS (§ 117*)—INJURIES—ACTIONS—JURY QUESTION—CONTRIBUTORY NEGLIGENCE.

In an action against a street railroad company to recover damages to plaintiff's horse and wagon, etc., caused by defendant's negligence in striking the rear end of the wagon, whether plaintiff was guilty of contributory negligence held for the jury.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

3. APPEAL AND ERROR (§ 927*)—REVIEW—APPEAL ON NONSUIT.

On plaintiff's appeal on nonsuit, plaintiff's evidence must be given the interpretation most favorable to him of which it is susceptible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3748, 4023: Dec. Dig. § 927.*]

Appeal from Washington County Court.

Action by Bertram Normand against the Hudson Valley Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

E. C. Rogers, for appellant.

G. S. Raley, for respondent.

CHESTER, J. The action was to recover damages to the plaintiff's horse, wagon, and harness, caused by the alleged negligence of the defendant in running one of its trolley cars into the rear end of such wagon while it was being driven northerly on the defendant's tracks on Main street in the village of Sandy Hill. The horse was being driven by an employé of the plaintiff. The wagon was a baker's closed wagon, with no windows at the back. The driver was sitting in front of the wagon, and could not see out of the wagon at the rear. The accident happened after dark, but under the wagon there was a lighted lantern in full view of any one approaching from the rear. There was an ordinance prohibiting running cars faster than 6 miles an hour on this street. Plaintiff's testimony was to the effect that the car was running at the rate of 25 miles an hour; that there was no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

signal of its approach, except almost simultaneously with the crash; that at the time the driver entered the tracks he looked out of the door of the wagon to see if any car was coming, at a place where he had an unobstructed view of the track from the south about 1,200 feet; that he did not see any car, or the lights of any car, and so drove onto the track; that he also looked out of his wagon again after he drove on the tracks, where, looking behind, he could see a quarter of a mile down Main street; that he drove along the track between 200 and 300 feet, with two wheels about in the center between the rails and two wheels off on the right-hand side, when he started to turn off; that the horse was going on a jog; that as he was leaving the tracks the crash came, and the car went 150 feet beyond the point where it struck the wagon before it stopped; that the bridle and lines of the harness were broken, the panels of the wagon knocked in on the inside, the lights broken, the panels smashed in the rear, and one wheel dished; and that the driver was knocked out of the wagon, but that it did not tip over.

The plaintiff was nonsuited at the close of his proof on the ground that he had failed to prove that the driver of the wagon was free from contributory negligence. The driver had the right to use any part of the street, and to drive onto the tracks. The defendant had a paramount right over the driver to the use of the tracks, and the driver was bound to leave the tracks promptly on hearing the signal of the approaching car. He exercised caution and care when he entered upon the tracks, and looked back after he entered. He received no signal to warn him of the approach of the car until almost simultaneously with the collision. Nothing that he could have done after hearing the signal would have prevented the injury. He had a right to assume that the car would not run into him from behind without giving some warning of its approach and giving him a chance to get off the tracks. He also had a right to assume that the car would not approach him from the rear at a speed in excess of that prohibited by the ordinance. Giving, as we must on this appeal, the most favorable view of which the plaintiff's evidence is susceptible, a brief summary of which has been given, we think the learned trial court was not warranted in holding that the driver, under the circumstances presented here, was guilty of contributory negligence, as a matter of law, and that that question should have been submitted to the jury. Barringer v. United Traction Co., 101 App. Div. 330, 91 N. Y. Supp. 386, 998.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.