[S. F. No. 6184.   In Bank.—June 18, 1914.]

## JOHN J. O'CONNOR, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

NEGLIGENCE — STREET RAILWAY — COLLISION WITH VEHICLE GOING IN SAME DIRECTION AS CAR.—In operating an electric street-car over a public street a motorman cannot under ordinary circumstances run down a vehicle proceeding in the same direction without having been negligent in the operation of his car.   The mere fact that he does so furnishes cogent evidence of negligence which is rarely capable of explanation.

ID.—VEHICLE CLOSE TO TRACK—CAR RUNNING AT PROHIBITED SPEED—ABSENCE OF WARNING — UNOBSTRUCTED VIEW ALONG TRACK.—An electric street railway company, in operating one of its cars upon a public street of a city, is guilty of negligence in running into the rear of a vehicle being driven, in close proximity to its track, in the same direction with the car, where it appears that, at the time of the collision, the motorman had a straight clear track ahead of him with nothing to obstruct his view of the position of the vehicle or to prevent him perceiving the danger of a collision; that he was running his car at a prohibited rate of speed, and that, without lessening such speed or having his car under control, and without any warning of its approach, he ran down from behind upon such vehicle.

ID.—DUTY OF DRIVER TO EXERCISE REASONABLE CARE — BEING NEAR TRACK NOT NEGLIGENCE.—The driver of such vehicle was required to exercise reasonable care in driving along the public street in the vicinity of the car track—such care and diligence as a reasonably prudent man would have exercised under the circumstances; but it was not negligence *per se* for him to drive along the street in proximity to the track.

ID.—RIGHTS OF VEHICLES TO USE PUBLIC STREETS—USE OF SPACE BETWEEN TRACKS.—The streets of a municipality are for the use of the traveling public, and the right of a street-car company is only to use it in common with the public.   The fact that the company has been granted a right to lay tracks and operate cars along the streets gives it no exclusive right to travel even over that portion of a street covered by its tracks.   Other vehicles have a right to travel over the entire street, including the space between the tracks, even when other portions of the street may not be crowded or in bad condition.

ID.—LOOKING BACKWARD FOR APPROACHING CARS.—The fact that the driver of the vehicle did not keep a constant watch behind for an

approaching car while driving near the track did not show want of ordinary care on his part or constitute negligence *per se.*

ID.—RULE APPLICABLE TO LOOKING IN CROSSING STEAM RAILROADS.—The rule as to "looking" applied to the drivers of vehicles about to cross the track of a steam railroad at highway crossings does not apply to those driving along street railroad tracks laid upon public highways.

ID.—DUTY OF ONE DRIVING IN SAME DIRECTION AS APPROACHING CAR.— The conduct of one driving along or near a street railroad track in the same direction that a car coming from behind may approach is not measured by the same rule as to looking that governs one about to drive across the street railroad track substantially at right angles.

ID.—DUTY OF DRIVER TO LOOK AHEAD—RECIPROCAL RIGHTS AND DUTIES OF TRAVELERS.—In the exercise of ordinary care, one driving along a public street is under the duty to look ahead of him so as to avoid collision with those in advance of him. They have the right to expect that he shall do so, and as all travelers owe reciprocal rights to each other, he, too, has a right to expect this from those approaching from behind, no matter in what capacity they are using the streets.

ID.—FAILURE OF DRIVER TO LOOK BACK DURING BRIEF INTERVAL.—The fact that the driver of such vehicle, after looking back and not seeing any approaching car, failed to again look back during an interval in which he drove a distance of about five hundred feet, did not constitute negligence *per se.*

ID.—VIGILANCE OF DRIVER — QUESTION FOR JURY — RIGHT TO RELY ON WARNING OF APPROACHING CAR.—What amount of vigilance was requisite to constitute reasonable care upon the part of the driver of such vehicle, and whether he exercised it while driving along the street, was to be determined by the jury not alone from what he did in the way of looking, but from a consideration of the reciprocal rights of the parties on the highway and all the facts and circumstances in the case, which would include whether he had a right to rely upon some warning or signal being given him by the motorman of any car approaching from behind in order that he might drive away from his position in proximity to the track.

ID.—WARNING SHOULD BE GIVEN OF APPROACHING CAR—CONTRIBUTORY NEGLIGENCE OF DRIVER OF VEHICLE.—One driving a vehicle over or in proximity to a street railroad track has a right to expect and rely upon some warning to be given him by the motorman of a car approaching him from behind, and such right should be taken into consideration by the jury as an element in determining the question of the contributory negligence of the driver.

ID.—INSTRUCTION—USE OF EXPRESSION "PER SE" WITHOUT DEFINING IT—VIOLATION OF ORDINANCE.—In an action against a street railway company to recover damages resulting from a collision caused

by its alleged negligence in operating one of its cars, an instruction that the violation by the company of a municipal ordinance limiting the rate of speed of its cars constituted negligence *per se*, will not be deemed erroneous merely because the court failed to define the meaning of the words *"per se,"* in the absence of any request by the defendant for a definition of that expression, or an instruction as to its meaning.

ID.—ABSTRACT INSTRUCTION AS TO EFFECT OF VIOLATION OF ORDINANCE—OMISSION TO REQUEST QUALIFICATION.—The giving of such instruction, as an abstract proposition of law, without a qualification that such violation could only be considered by the jury if they found that it contributed proximately to the injury, will not be deemed erroneous, in the absence of any request by the defendant for an instruction embodying the qualification.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

.Wm. M. Abbott, Wm. M. Cannon, and Kingsley W. Cannon, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

LORIGAN, J.—This is an action for personal injuries in which plaintiff had a verdict and judgment.   Defendant appeals from the judgment and an order denying its motion for a new trial.

The first claim of appellant for a reversal is based on the refusal of the trial court to grant its motion for a nonsuit.

Plaintiff, on the afternoon of February 13, 1909, was driving a hotel bus with a gentle team of horses along the southerly line of Mission Street between Fifth and Sixth streets, in the city of San Francisco.   He was traveling along slowly, the wheels of the bus being a foot or fourteen inches from the southerly railroad track of the defendant.   While he was so proceeding a car coming rapidly along the southerly track of the defendant in the rear of the bus collided with its rear wheel, lifted the end of the bus and turned it in such a way as to throw plaintiff from it into the street, from which fall he sustained grievous injuries.   It was admitted that an ordinance of the city of San Francisco limited the speed of cars

on Mission Street to ten miles an hour.   The evidence shows
that the car which struck the bus was proceeding at from
twelve to fifteen miles an hour and its speed had not been
slackened when the accident occurred, and that no warning
or signal of its approach was given by the motorman by the
ringing of a bell or otherwise.   It further appeared that the
plaintiff had made no effort while driving along to turn into
the track but was outside of it at the distance mentioned and
that had he been warned of the approach of the car it would
have taken but a moment to have moved further into the street
from the track; that the impact of the car with the bus was of
such force that it carried the bus forward against a heavy
mail truck fifteen or twenty feet in front of it, and likewise
forced the truck a considerable distance forward before the
car was stopped.   The plaintiff had turned into Mission
Street at Eighth Street, intending to turn off Mission Street
at Fourth Street; that when about twenty-five feet east of
Sixth Street he looked back to see if a car was approaching
and saw none; that he did not look back again; that there was
nothing to prevent him from seeing back as far as Seventh
or Eighth Street, and the distance traveled by him after he
looked back and up to the time the collision occurred was
about five hundred feet.

Appellant based its motion for a nonsuit upon two grounds:
1. That the plaintiff did not make a sufficient case showing
negligence on the part of defendant; and 2. That the evidence
affirmatively and indisputably shows that the plaintiff was
guilty of contributory negligence.

While appellant based its motion in the trial court on both
grounds and urges both now, its particular insistence here is
that the trial court should have granted the motion on the
second ground—contributory negligence.   In that regard it
is claimed the evidence shows that plaintiff, after placing him-
self in dangerous proximity to the track, failed to take any
precaution by looking back to see whether a car was approach-
ing, but relied entirely on some warning of its approach to be
given by the motorman in order to get his bus out of danger,
and, in general, failed to use such ordinary care as the situa-
tion he was in demanded of him; that this constituted in law
contributory negligence precluding a recovery, and that the
trial court should have so declared and granted the nonsuit on
that ground.

If this claim of the appellant as to contributory negligence is not well taken, or if, in other words, under all the circumstances of the case the question whether the plaintiff did or did not exercise ordinary care was properly a matter to be determined by the jury, then there is nothing in the first ground of the motion for a nonsuit—namely, that the evidence does not show negligence on the part of the defendant. The evidence shows that plaintiff was driving along a public street where, as we shall point out in discussing the matter of contributory negligence, he had a right to travel, even though it brought him close to the track of the defendant; that the motorman had a straight, clear track ahead of him with nothing to obstruct his view of the position of plaintiff or to prevent him perceiving the danger of a collision; that he was running his car at a prohibited rate of speed and without lessening such speed or having his car under control and without any warning of its approach ran down from behind upon the vehicle of the plaintiff. Under these facts the defendant was clearly guilty of negligence. It must be apparent that in operating a street-car over a public street a motorman cannot under ordinary circumstances run down a vehicle proceeding in the same direction without having been negligent in the operation of his car. The mere fact that he does so furnishes cogent evidence of negligence which is rarely capable of explanation. (*Richmond Traction Co.* v. *Clarke,* 101 Va. 383, [43 S. E. 618] ; *Vincent* v. *Norton etc. Ry. Co.,* 180 Mass. 104, [61 N. E. 822] ; Thompson on Negligence, sec. 1404.) In this case no explanation of the conduct of the motorman was offered. It is true that at the trial both the motorman and conductor were beyond the jurisdiction of the court and could not be produced by defendant. But the fact remains that there was no explanation.

Now as to contributory negligence. This is based on the claim that plaintiff in proceeding along the street placed himself in such proximity to the track of defendant that danger of collision with a car operating thereon might occur; that he should have taken the precaution which the situation demanded of him of looking out for the approaching car which collided with his bus, the approach of which was discernible for a long time after plaintiff commenced driving along the track and which plaintiff might have observed if he had looked back; that he took no precaution in this respect but depended

solely on the care of the motorman to give him notice of any approaching car; that this was want of ordinary care on the part of plaintiff constituting contributory negligence.

It is undoubtedly true that plaintiff was required to exercise reasonable care in driving along the public street in the vicinity of the track of the defendant; such care and diligence as a reasonably prudent man would have exercised under the circumstances. As a general rule, whether a person has exercised ordinary care or not is to be left to the jury to be determined by them from all the circumstances surrounding him at the time. But it was not negligence *per se* for the plaintiff to drive along the street as he did in proximity to the track of the defendant. This of itself did not constitute negligence at all. The streets of a municipality are for the use of the traveling public and the right of a street-car company is only to use it in common with the public. The fact that the company has been granted a right to lay tracks and operate cars along the streets gives it no exclusive right to travel even over that portion of a street covered by its tracks. Other vehicles have a right to travel over the entire street, including the space between the tracks. Nor is this right restricted to the times when other portions of the street may be crowded or in bad condition. Nor is a traveler in doing so in any sense of the term a trespasser. As a member of the public he is entitled as matter of right to use the entire street subject only to the limitation that, as the use of the street by the car company is confined to its tracks, a traveler may not unnecessarily interfere with or obstruct a car in its movement thereon. The car company is entitled in the interest of the public service to a free and unobstructed passage at all times of its cars over its tracks when necessary, and when such movement is being made free vehicles must yield a clear right of way to it for that purpose. (*Shea* v. *Potrero and Bay View R. R. Co.*, 44 Cal. 414; *Clark* v. *Bennett*, 123 Cal. 275, [55 Pac. 908]; *Scott* v. *San Bernardino Valley Traction Co.*, 152 Cal. 610, [93 Pac. 677]; *Lawyer* v. *Los Angeles Pacific Co.*, 161 Cal. 53, [118 Pac. 237].) Hence, within the rule of these authorities, negligence on the part of the plaintiff cannot be raised from the mere fact that he was driving in proximity to the track of the defendant because he had a clear legal right to do so subject to the limitation that we have stated.

Nor did the fact that he did not keep a constant watch behind for an approaching car while driving near the track show want of ordinary care on the part of the plaintiff or constitute negligence *per se.* The same rule as to *"looking"* applied to the drivers of vehicles about to cross the track of a steam railroad at highway crossings does not apply to those driving along street-railroad tracks laid upon public highways. The distinction is clearly pointed out in *Clark* v. *Bennett,* 123 Cal. 275, [55 Pac. 908]. Nor is the conduct of one driving along or near a street railroad track in the same direction that a car coming from behind may approach measured by the same rule as to looking that governs one about to drive across the street railroad track substantially at right angles. The reason for the distinction is obvious. The conditions are quite different. In the one case it is practically an easy matter for the driver intending to cross, as his sight is directed ahead, or to either side, to readily discover whether any car is approaching, and if so, the distance and speed of its approach, and so avoid any danger. In the other, one driving along a public highway in the same direction in which a car may approach from behind is necessarily engaged in looking in front of him to have a care that he does not collide with some other vehicle ahead enjoying also the common use of the highway. Obviously, one cannot be expected to look simultaneously forward and back along the street. Naturally in the exercise of ordinary care his duty would be to look ahead of him so as to avoid collision with those in advance of him. They have the right to expect that he shall do so and as all travelers owe reciprocal rights to each other, he too, has a right to expect this from those approaching from behind, no matter in what capacity they are using the street. Here the plaintiff after he entered Mission Street and commenced to proceed along it in proximity to the track of defendant had looked back along the street to see if a car of the defendant was approaching and saw none. At that time his observation showed that he was in no danger from any car near at hand and it was not until some time afterward that the defendant's car collided with him. The fact that he did not look back again did not *per se* constitute negligence. What amount of vigilance was requisite to constitute reasonable care upon the part of the plaintiff and whether he exercised it while driving

CLXVIII Cal.—4

along the street was to be determined by the jury not alone from what he did in the way of looking but from a consideration of the reciprocal rights of the parties on the highway and all the facts and circumstances in the case, which would include whether he had a right to rely upon some warning or signal being given him by the motorman of any car approaching from behind in order that he might drive away from his position in proximity to the track. While it is true that one cannot rely entirely and wholly upon the care of another and neglect the precautions which in a particular situation he should exercise, still, when he has a right to trust to the reasonable expectation that another will discharge some duty peculiar to such situation, it is proper that such fact should be taken into consideration by the jury in connection with such precaution as the plaintiff did take, and the jury determine therefrom whether or not under the circumstances his conduct was negligent or not. That one driving a vehicle over or in proximity to a street-railroad track has a right to expect and rely upon some warning to be given him by the motorman of a car approaching him from behind and that this right should be taken into consideration by a jury as an element in determining the question of contributory negligence on the part of a plaintiff is well established.

In *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 610, [93 Pac. 677], it is said: "A street-car cannot go on the street except upon its rails and hence it has the better right to that space, to which others must yield when necessary, but otherwise its rights are not superior to that of any other person who has occasion to use the street. . . . The reasonable care which is required must be measured by all those conditions, rights and circumstances. The foot passenger or driver of a horse has a right to expect that those in charge of street-cars will operate them in the manner and run them at the speed which is customary at the particular place, and that they will give the usual warnings and signals, and take the usual precautions to avoid injury to others. (*Orcutt* v. *Pacific C. R. Co.*, 85 Cal. 299, [24 Pac. 661]; *Driscoll* v. *Market St. Cable R. R. Co.*, 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591].) In a crowded street it is often necessary and not inconsistent with reasonable prudence for a person to cross the street in front of street-cars, in motion or at rest, at a point so near that it would be *prima facie* an act of negligence, if attempted

at another place where the streets are less crowded and the cars usually run faster. The rights and obligations of all persons using a public street are, in this respect, reciprocal. Each may rightfully expect that the other will, at the proper time, discharge his proper duty toward others. He cannot rely wholly on the care of others, nor, on that account, neglect to use the precautions which the particular situation demands of him. But he frequently must, to some extent, depend on others in such situations, and his conduct must be considered in view of that fact in determining whether or not it is negligent. His care, or want of care, in such cases is generally a matter to be determined by the jury from all the circumstances surrounding him at the time.''

In *Lawyer* v. *Los Angeles Pacific Co.*, 161 Cal. 53, [118 Pac. 237], in reversing a judgment of nonsuit it is said: ''Appellant insists that the question whether or not he was guilty of contributory negligence was one of fact for the jury, and that under the evidence his conduct was not such that the court could say as matter of law that he was guilty of negligence. Being between the tracks of an electric railroad upon a public street is not negligence *per se*. The street is for the use of the public, although the car, which can be operated only on the track, has the better right to that part of the thoroughfare, to which pedestrians must yield when necessary. The rights of a company operating street-cars are otherwise not superior to those of persons who may be walking on the street. The person walking upon that part of the street near the tracks of an electric railway has a right to believe that those in charge of the street-cars will operate them in the usual manner and will take the customary precautions. The rights and duties of the pedestrian and the motorman in a case like this are reciprocal, and the conduct of either must be considered in the light of all the circumstances of the particular case in determining whether or not it amounted to negligence. Here the plaintiff had the right to expect that defendant's servant would sound the warning bell as the car approached, particularly because he had just passed a cross street.''

Other authorities declaring the same principle are *Hickey* v. *Brooklyn Heights R. R. Co.*, 148 App. Div. 693, [132 N. Y. Supp. 946]: *Capitol T. R. Co.* v. *Crump*, 35 App. Cas. (D. C.) 169; *Becktenwald* v. *Metropolitan St. R. R. Co.*, 121 Mo. App. 595, [97 S. W. 557]; *Mertz* v. *Detroit El. Ry. Co.*, 125 Mich.

11, [83 N. W. 1036]; *Normand* v. *Hudson Valley Ry. Co.,*
133 App. Div. 474, [117 N. Y. Supp. 1076].)

In the light of these authorities applied to the facts dis-
closed by the evidence here it was the duty of the trial court,
as it did, to leave to the jury for determination not only the
question of the negligence of the defendant but the further
question of whether plaintiff was or was not guilty of con-
tributory negligence.

It is further claimed by appellant that the court erred in
giving an instruction requested by plaintiff wherein, after
stating that an ordinance of the city of San Francisco pro-
hibited the running of cars on Mission Street at a greater
speed than ten miles an hour had been introduced in evidence
and might be considered by the jury, concluded it with "I
charge you that the violation of the ordinance constitutes
negligence *per se.*"

It is insisted that the phrase "negligence *per se,*" particu-
larly the Latin words "*per se*" therein, should have been
defined to the jury; that the use of these Latin words in the
instruction without explaining what they meant, was calcu-
lated to mislead them. It is further claimed that the instruc-
tion as given is an incorrect statement of the law. As to the
first point. While the phrase "negligence *per se*" has in
legal science a fixed and well defined meaning with which the
legal profession is familiar, it is claimed by the appellant that
the average jurors may not be familiar with it and that its
meaning should have been explained by the court so that they
might comprehend and understand it. This doubtless was
the proper course for the court to have pursued but its mere
failure to do so should not be held here to constitute error.
It is highly probable in this case, as is common in cases of this
character, that this phrase was made use of by counsel on
both sides in their discussion of the motion for a nonsuit in
the presence of the jury and in their argument to the jury
on the submission of the cause on its merits and that hence the
jury did understand its meaning and the court was aware
of this fact when it instructed them. Be that as it may, how-
ever, when the instruction was given if counsel for appellant
had any doubt whether the jury understood it or that its
meaning might be misapprehended they should have either
asked the court to explain it or prepared an instruction them-
selves doing so. They should not be permitted to now urge

error on the theory of possible ignorance or possible misapprehension of the jury as to the meaning of the phrase or the words used in it when they could so easily and readily have removed any conjecture about it.

Likewise, there is no merit in the other point made by appellant that the quoted portion of the instruction is an incorrect statement of the law. As an abstract proposition of law the violation of a local ordinance is *per se,* or as these words mean ''of itself'' negligence. The point which appellant really makes, however, is that though such violation would amount to negligence in the abstract the court should have accompanied the declaration of the abstract rule with a qualification that such violation could only be considered by the jury if they found that it contributed proximately to the injury of the plaintiff. But as the instruction so far as it went correctly stated the law it is to be said of the claim now made, as is said of the other objection to the instruction, that counsel for appellant should have either asked the court to instruct the jury as to the qualification which the court would have done or have presented an instruction embodying it which the court undoubtedly would have given.

Appellant challenges the correctness of other instructions given by the court and its action in modifying and refusing instructions tendered by it. We have examined the claims made in this respect and do not think any of the objections as to the action of the court are tenable.

The judgment and order appealed from are affirmed.

Henshaw, J., Sloss, J., Angellotti, J., Shaw, J., and Melvin, J., concurred.