[Civ. No. 1379.   First Appellate District.—November 9, 1914.]

## ALBERT J. ARENS, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO, Appellant.

ACTION FOR DAMAGES—PERSONAL INJURIES—NEGLIGENCE—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—In this action for damages for personal injuries sustained by plaintiff as a result of a collision between his wagon, upon which he was riding at the time, and a street car of the defendant, it is held that the evidence sufficiently showed that the car at the time of the accident was proceeding at a more rapid rate down the hill toward the plaintiff in plain view and with only a limited area in which to turn aside and avoid the collision, than its operator should have gone, and hence that the finding of the trial court is justified by the proofs in the case; also that the evidence is sufficiently conflicting with respect to warning signals given or neglected to be given, to bring the case within the rule that the findings of the trial court thereon will not be disturbed on appeal.

ID.—CONTRIBUTORY NEGLIGENCE.—It is held in this action that the facts were almost exactly identical with those of the case of *O'Connor* v. *United Railroads of San Francisco*, 168 Cal. 43, and the law laid down by the supreme court in that case on the question of contributory negligence must be regarded as controlling.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, William M. Cannon, and Kingsley W. Cannon, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

RICHARDS, J.—This is an action brought to recover damages for personal injuries sustained by the plaintiff as the result of a collision between his wagon, upon which at the time the plaintiff was riding, and a street-car of the defendant being operated by its employees on Twenty-fourth Street in the city of San Francisco.

The evidence showed that on the eleventh day of October, 1906, about 2:30 o'clock in the afternoon, the plaintiff was

driving his one-horse wagon on Douglass Street in that city, and turned into and proceeded easterly along and down Twenty-fourth Street, which at that point has a considerable downward grade. The latter street was at that time in the course of improvement, and its sides were so torn up in preparation for bituminizing as to leave the only available place for driving the space occupied by the tracks of the defendant. When the plaintiff turned into Twenty-fourth Street he looked up the street and saw the car of the defendant which traverses that street standing at the top of the grade, which is also the terminus of the car line. According to the plaintiff's testimony his attention was next directed to the car by his companion, and he then observed it within about forty feet of his wagon coming rapidly down the hill. There is a conflict in the evidence as to whether any bell was rung or other signal given before the plaintiff thus observed the car, both the plaintiff and his companion asserting that they heard no such signal, while the employees in charge of the car asseverate that the usual signal was rung all the way down the hill. The plaintiff, upon discovering the approaching car, undertook to turn out sufficiently to permit it to pass, but failed or was unable to do so in time, and his wagon being struck by the car he was thrown out and injured.

Upon the trial of the case before the court without a jury the court found that the defendant was guilty of negligence in the respects averred in the complaint, and that the plaintiff was not guilty of contributory negligence, and it thereupon rendered judgment in favor of the plaintiff for the sum of two thousand dollars, from which judgment and from the order of the court denying a new trial the defendant appeals.

The first proposition insisted upon by the appellant is that the finding of the court that the defendant was guilty of negligence in approaching the plaintiff at too high a rate of speed is not sustained by the evidence in the case. Counsel for the appellant argues at some length and with much force that the evidence upon the point is not sufficiently in conflict for the application of the familiar rule. We think, however, that a careful reading of the record shows that counsel's zeal has led him into error in this respect, and that the proofs of the plaintiff show sufficiently that the car was proceeding at a more rapid rate down the hill toward the plaintiff in plain view and with only a limited area in which to turn aside and avoid

the collision, than its operator should have gone, and hence that the finding of the court in this respect is justified by the proofs in the case.

We think also that the same is true with respect to the finding as to the warning signals given or neglected to be given. There is a sufficient conflict in this respect to require the application of the rule that the finding of the trial court will not be disturbed.

The court also found in favor of the plaintiff upon the issue of contributory negligence; and upon this branch of the case counsel for both parties have presented elaborate arguments, citing many authorities dealing with the law of the road and the "last clear chance" of avoiding the collision. We are of the opinion, however, that the supreme court of this state has relieved this court of the necessity of an exhaustive review of the cases cited by respective counsel herein by its recent decision in the case of *O'Connor* v. *United Railroads of San Francisco,* 168 Cal. 43, [141 Pac. 809]. This was a case almost exactly identical with the case at bar and in which counsel for the respective parties were the same, and in which also practically the same line of authorities was cited and relied upon on each side. The law laid down by the supreme court as controlling that case must be regarded by this court as controlling this one in every essential particular relied upon by the appellant herein.

It follows that the judgment and order denying a new trial must be and they are hereby affirmed.

Lennon, P. J., and Kerrigan, J., concurred.