[Civ. No. 1585. First Appellate District.—January 21, 1916.]

## WAINARD G. HERRICK, Respondent, v. OAKLAND MOTOR COMPANY et al., Appellants.

NEGLIGENCE—PERSONAL INJURIES—PLEADING.—While it is permissible to plead negligence in general terms, specifying the particular act or acts upon which the pleader relies as constituting such negligence, this rule applies only to cases where the acts as alleged might or might not have been negligently done, and has no necessary application to a case wherein the facts complained of and specifically set forth are such that the inference of negligence necessarily arises from their enumeration.

ID.— COLLISION OF AUTOMOBILE AND MOTORCYCLE — SUFFICIENCY OF COMPLAINT.—In an action for damages for injuries received in a collision between an automobile and a motorcycle, where the complaint alleges that plaintiff was riding southward along the westerly side of a certain avenue and near the southerly side of an intersecting street, where he had a right to be and to ride, and the defendants, operating an automobile, were proceeding northerly along the easterly side of the avenue, and suddenly, without warning, altered the course of the automobile and drove it with high speed and without any warning or notice across said avenue to the westerly side thereof, near the southerly side of the street, where the plaintiff rightfully was, and there struck and injured him, the inference of negligence from the facts is logical and irresistible, and it was not necessary to aver that they were negligently done.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

John Ralph Wilson, for Appellants.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

THE COURT.—This is an appeal from a judgment in plaintiff's favor in an action for damages arising out of a collision between the defendants' automobile and the plaintiff's motorcycle. The appeal is upon the judgment-roll, and the only question presented for determination is as to whether the complaint states a cause of action.

The complaint alleges that upon the sixteenth day of August, 1913, the plaintiff was riding and operating a motorcycle in a southerly direction along the westerly side of Van Ness Avenue in the city and county of San Francisco, and that the defendants were operating an automobile in a northerly direction along the easterly side of Van Ness Avenue; and that "when said plaintiff, riding and operating said motorcycle as aforesaid, reached a point on said southerly side of Van Ness Avenue near the southwest corner of Van Ness Avenue and Jackson Street, said defendants, without any notice or warning of any kind to said plaintiff, with great speed and rapidity altered the course of said automobile, proceeding in a northerly direction along the easterly side of said Van Ness Avenue from said easterly side of said Van Ness Avenue toward the westerly side of said Van Ness Avenue, and drove said automobile into and against said plaintiff, riding and operating said motorcycle as aforesaid, then and there throwing him to the ground and inflicting upon him severe personal injuries."

It is the defendants' contention that the foregoing averments of the plaintiff's complaint do not state a case of actionable negligence, for the reason that it is nowhere set forth therein or elsewhere in said complaint that the alleged acts of defendants were negligently done, nor that they constituted such negligence on their part as to give rise to a cause of action. It is further contended by the appellants that the inference of negligence does not arise from the facts which are set forth in said complaint.

We are of the opinion that neither of these contentions is to be sustained. It is quite a well-settled rule of pleading in this state that in actions for negligence, while it is permissible to plead negligence in general terms, specifying the particular act or acts upon which the pleader relies as constituting such negligence, this rule applies only to cases where the acts as alleged might or might not have been negligently done, and has no necessary application to a case wherein the acts complained of and specifically set forth are such that the inference of negligence necessarily arises from their enumeration. (*Silveira* v. *Iverson,* 125 Cal. 266 and 269, [57 Pac. 996].) Such, in our opinion, is the case at bar. The plaintiff was riding southward along the westerly side of Van Ness Avenue and near the southerly side of Jackson Street, where he had a right to be and to ride. The defendants, operating an automobile, were proceeding northerly along the easterly side of Van Ness Avenue. Suddenly, without warning, the course of their machine is altered, and it is driven with high speed and without any warning or notice across said avenue to the westerly side thereof, near the southerly side of Jackson Street, where the plaintiff rightfully was, and there struck and injured him.

The inference of negligence from the foregoing facts is logical and irresistible. (*O'Connor* v. *United Railroads,* 168 Cal. 43, 47, [141 Pac. 809].) It was not necessary, therefore, to aver that they were negligently done.

Judgment affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1916.