[Civ. No. 2544. First Appellate District.—October 7, 1918.]

## ERNEST ONELL, Respondent, v. HARVEY CHAPPELL, Appellant.

NEGLIGENCE—COLLISION BETWEEN AUTOMOBILE AND WAGON—RES IPSA LOQUITUR—INSTRUCTIONS—APPLICABILITY OF DOCTRINE—PRESUMPTION.—On appeal from a judgment in an action for damages for personal injuries sustained by the plaintiff in a collision between defendant's automobile and plaintiff's wagon, where the trial court in its instructions to the jury applied the doctrine of *res ipsa loquitur,* the appellate court must assume, where the record does not bring up the evidence taken at the trial, that the evidence showed a state of facts warranting the giving of the instruction.

ID.—BURDEN OF PROOF—CONSISTENCY OF INSTRUCTIONS.—There is no inconsistency in such case between an instruction that the burden of proof was on the plaintiff and one embodying the rule of *res ipsa loquitur.*

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge.

The facts are stated in the opinion of the court.

Zabala & Sargent, for Appellant.

Chas. B. Rosendale, for Respondent.

LENNON, P. J.—This was an action to recover damages for personal injuries resulting from a collision between defendant's automobile and a wagon of the plaintiff.

In this case the trial court applied the doctrine of *res ipsa loquitur,* and instructed the jury in effect that it is the law that "when a thing that caused the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from a want of care." The evidence taken at the trial is not before us, and we are unable to say from an examination of the record that the instruction was inapplicable to the facts of the case, as contended by appellant. As cases of collision between two vehicles when the doctrine of *res ipsa loquitur* would be applicable may be readily conceived, we must, in the present case, assume in favor of the judgment that the evidence showed a state of facts which warranted the giving of this instruction, it being the duty of appellant to show error. Such a case was *Bauhofer* v. *Crawford,* 16 Cal. App. 679, [117 Pac. 931], in which a collision occurred between a moving automobile and a wagon standing on the street. Under the circumstances there disclosed it was held to be a case justifying the application of the rule mentioned. (See, also, 1 White on Personal Injuries on Railroads, sec. 116; 29 Cyc. 592.)

Appellant also contends that certain instructions given by the court to the effect that the burden of proof was upon the plaintiff, were inconsistent with and contradictory of the instruction embodying the rule of *res ipsa loquitur;* but the fact that the doctrine named is applicable to the case does not relieve the plaintiff of the ultimate burden of the issue (*Cody* v. *Market St. Ry. Co.,* 148 Cal. 90, [82 Pac. 666] ; 29 Cyc. 599), although it permits the jury to infer negligence on the part of the defendant, and find on all the evidence whether plaintiff has sustained his burden of proof. (*Ross* v. *Double Shoals Cotton Co.,* 140 N. C. 115, [1 L. R. A. (N. S.)

298, 52 S. E. 121].)   We see nothing inconsistent in these instructions.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.