[S. F. No. 9463.  In Bank.—December 12, 1921.]

## KATHERINE DOWD (a Widow), Appellant, v. ATLAS TAXICAB AND AUTO SERVICE COMPANY, etc., Respondents.

[S. F. No. 9465.  In Bank.—December 12, 1921.]

## SIBYL E. DOWD, Appellant, v. ATLAS TAXICAB AND AUTO SERVICE COMPANY, etc., Respondents.

[1-2] NEGLIGENCE—INJURY TO TAXICAB PASSENGER—EXCESSIVE SPEED — DUTY OF PASSENGER — ERRONEOUS INSTRUCTIONS.—In an action for injuries received by a taxicab passenger through the overturning of a machine alleged to have been caused by its operation at an excessive rate of speed, an instruction charging in substance that if plaintiff knew that the automobile was being driven at an unlawful rate of speed, but nevertheless continued voluntarily to ride therein, having the opportunity to leave it, but not doing so, she would not be entitled to recover, and an instruction charging in substance that if plaintiff knew that the automobile was being driven at an unlawful rate of speed in time to have objected and left the machine or to have had the speed decreased prior to the accident, but made no objection and effort to be permitted to leave it, the verdict must be for defendants, constitute erroneous statements of the law.

[3] ID.—PRESUMPTION OF NEGLIGENCE—REBUTTAL BY PREPONDERANCE OF EVIDENCE—MODIFICATION OF INSTRUCTION.—In such action, an instruction that the "presumption" is that the overturning of the taxicab occurred through the negligence of the driver, and in order to rebut the presumption the defendants must show "by a preponderance of evidence" that the overturning was a result of an inevitable casualty or of some cause which human care and foresight could not prevent, was properly modified by changing the word "presumption" to the word "inference" and by striking out the words "by a preponderance of the evidence."

APPEALS from judgments of the Superior Court of the City and County of San Francisco.  Daniel C. Deasy, Judge.  Reversed.

The facts are stated in the opinion of the court.

1. Proprietor of taxicab as common carrier, notes, **Ann. Cas.** 1916D, 767; 4 A. L. R. 1501; 5 L. R. A. (N. S.) 1069.

Ed. F. Jared, S. C. Wright and Mervyn R. Dowd for Appellants.

Ford & Johnson, Geo. K. Ford and Elliott Johnson for Respondents.

RICHARDS, J., *pro tem.*—These two actions arose out of injuries received by the plaintiff in each through the overturning of a taxicab of the defendants while the plaintiffs were passengers therein. The accident occurred in the city of San Francisco at an early hour in the morning of January 1, 1919. The defendants were at the time copartners, owning and operating through their employees certain taxicabs for hire within said city. The plaintiffs, with other members of their family and friends, the party numbering seven in all, entered one of these taxicabs driven by an employee of said defendants, and hired by one of the members of said party, other than said plaintiffs, for the purpose of conveying them from a point on O'Farrell Street, near Powell, to their respective homes. The taxicab in question was an inclosed limousine, the seat of the driver being on the outside of its glass inclosure. After being driven for a considerable distance along and across the streets of said city, the taxicab skidded upon a wet and slippery portion of Market Street at or near the point of its intersection with Grove Street and was overturned, and each of the plaintiffs was severely injured. They commenced these separate actions to recover damages by reason of their said injuries and each alleged in her complaint that said accident with resultant injuries occurred through the negligence of the employee of the defendant operating said taxicab, which consisted in his having carelessly driven and operated the same at an unlawful and excessive rate of speed, by reason of which, without fault on the part of the plaintiffs, the taxicab turned over and the plaintiffs were thereby seriously injured. The defendants, in their answer in each case, denied the alleged or any acts of negligence on the part of their said employee, and by way of affirmative defense alleged that the said accident and plaintiffs' consequent injuries were the result of contributory negligence of each of the plaintiffs in said actions. The causes were, by agreement of the parties, tried together

before the court sitting with a jury, which in each case returned a verdict in favor of the defendants. Motions for new trial were made and denied in each case and appeals taken from the judgments respectively rendered and entered therein, said appeals having, by agreement, been presented together upon identical records and briefs.

[1, 2] The first and main contention of the appellant in each of said cases is that the trial court committed prejudicial error in giving to the jury the following two instructions:

"If you find in this case that the automobile in which plaintiff was riding was driven at a rate of speed prohibited by law, and that plaintiff knew of the fact, but nevertheless voluntarily continued to ride in the automobile (and that she had opportunity to leave the machine and did not do so), and if you further find that the accident was proximately caused or contributed to by reason of the speed that the automobile was driven, then I instruct you that the plaintiff is not entitled to recover any damages and your verdict must be in favor of defendant.

"If you find the automobile in which plaintiff was riding prior to the happening of the accident was being driven at an unlawful rate of speed, and if you further find that plaintiff knew that fact in time to have objected and to have left the automobile, or to have the speed decreased to a lawful rate prior to the happening of the accident, and you further find that plaintiff made no objection and made no effort to be permitted to leave the automobile, and if you further find that the accident was proximately caused or contributed to by such unlawful rate of speed, then I instruct you that plaintiff is not entitled to recover in this action and your verdict must be in favor of the defendant."

It must be conceded that the foregoing instructions, if erroneous, constituted prejudicial error for which a reversal of each of these judgments would be ordered. They are each predicated upon the premise that the defendants' employee was driving said taxicab at an unlawful rate of speed during much of the way from the point where the plaintiffs became his passengers to the place where the accident occurred and at the very time of its occurrence. The practically undisputed evidence in each of these cases shows this to have been the fact. The plaintiffs, therefore,

would have been entitled to recover damages for their injuries suffered in said accident unless they were each found by the jury to have been guilty of contributory negligence. The trial court charged the jury in the first of these instructions in substance that if the plaintiff in each case knew the fact that the automobile in which said plaintiff was riding was being driven at a rate of speed prohibited by law, but nevertheless continued voluntarily to ride therein, having the opportunity to leave the machine, but not doing so, she would not be entitled to recover damages and their verdict must be for the defendants. In the second of said instructions the court charged the jury in substance that if the plaintiff knew, prior to the happening of the accident, that the automobile in which she was riding was being driven at an unlawful rate of speed and knew that fact in time to have objected and to have left the automobile or to have the speed thereof decreased to a lawful rate prior to the happening of the accident, but made no objection and made no effort to be permitted to leave the automobile, she would not be entitled to recover damages and their verdict must be for the defendants. Each of said instructions, in our opinion, constitutes an erroneous statement of the law. These plaintiffs were each passengers for hire in the taxicab owned by the defendants and driven under their directions by their employee, who was in control of the operation, route, and speed of said vehicle, subject only to the general direction of the plaintiffs as to their respective destinations. It was the primary duty of the defendants herein to furnish a competent driver of the taxicabs they were furnishing to passengers for hire, and it was the primary duty of such driver to exercise, with respect to the safety of said passengers, the highest degree of care. There is no evidence herein other than that deducible from the fact immediately preceding and attending this accident that the driver was incompetent or that he was not at all times up to the moment of such accident in full control of the machine, nor are the instructions criticised herein predicated upon any such assumption.

In the case of *Little* v. *Hackett*, 116 U. S. 366, [29 L. Ed. 652, 6 Sup. Ct. Rep. 391, see, also, Rose's U. S. Notes], Mr. Justice Field, after an exhaustive review of the cases upon the subject up to the time of his decision, states what

would seem to be the reasonable rule respecting the duty and responsibility of passengers for hire in public conveyances.

"There is no distinction in principle whether the passengers be on a public conveyance like a railroad train or an omnibus, or be on a hack hired from a public stand in the street for a drive. Those on a hack do not become responsible for the negligence of the driver if they exercise no control over him further than to indicate the route they wish to travel or the places to which they wish to go. If he is their agent so that his negligence can be imputed to them to prevent their recovery against a third party, he must be their agent in all other respects, so far as the management of the carriage is concerned, and responsibility to third parties would attach to them for injuries caused by his negligence in the course of his employment. But, as we have already stated, responsibility cannot, within any recognized rules of law, be fastened upon one who has in no way interfered with and controlled in the matter causing the injury. From the simple fact of hiring the carriage or riding in it no such liability can arise. The party hiring or riding must in some way have co-operated in producing the injury complained of before he incurs any liability for it. 'If the law were otherwise,' as said by Mr. Justice Depue in his elaborate opinion in the latest case in New Jersey, 'not only the hirer of the coach but also all the passengers in it would be under a constraint to mount the box and superintend the conduct of the driver in the management and control of his team, or be put for remedy exclusively to an action against the irresponsible driver or equally irresponsible owner of a coach taken, it may be, from a coach stand, for the consequences of an injury which was the product of the co-operating wrongful acts of the driver and of a third person, and that, too, though the passengers were ignorant of the character of the driver, and of the responsibility of the owner of the team, and strangers to the route over which they were to be carried.' (*New York, L. E. & W. R. R.* v. *Steinbrenner,* 47 N. J. L. (18 Vroom) 161, 171.)"

In the case of *Southern Pac. Co.* v. *Wright,* 248 Fed. 261, [160 C. C. A. 339], the court lays down what would seem to be the general rule governing the duties of passengers for hire in circumstances of the character of those involved in the

instant case as follows: "Generally it is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger. Interference, by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated; in the long run, the greater safety lies in letting the driver alone."

In the case of *Bernhardt* v. *City & S. Ry. Co.*, 263 Fed. 1009, 49 App. D. C. 265, the general rule is thus stated in a case in many of its aspects identical with the case at bar: "It seems to us that where, for instance, a person hires a taxicab to convey him from his residence to a depot or some other point, he is not required, save under exceptional circumstances, to be on the lookout for danger at the risk of being charged with contributory negligence in case of accident, if he fails to do so. The primary duty of caring for the safety of the vehicle and passenger rests upon the driver, and unless the danger is known to the passenger he may rely upon the assumption that the driver will exercise proper care and caution. But if the passenger knows that the driver is incompetent or careless, or that he is not aware of a danger known to the passenger, and is not taking proper precautions, it is his duty to notify the driver of the peril, and it may devolve upon him to insist that the driver shall stop the vehicle and allow him to alight, or take some other suitable action for his own protection. If the passenger fails in any of these respects, he may be chargeable with contributory negligence. (*Anthony* v. *Kiefner*, 96 Kan. 194, [200 Ann. Cas. 1916E, 264, L. R. A. 1915F, 876, 150 Pac. 524].)"

In the case of *Thompson* v. *Los Angeles etc. Ry. Co.*, 165 Cal. 748, [134 Pac. 709], the general principle set forth in the foregoing cases is recognized and restated as follows: "That the chauffeur operating the automobile was guilty of negligence in running upon the track along which the motor-car was approaching in plain view is too clear for discussion, and is, indeed, conceded by the respondent. But the fact that he was negligent does not, of course, conclude the plaintiff on the issue of her contributory negligence. She was a passenger for hire. The chauffeur was not employed by her, and she did not undertake to direct the manner in which the automobile should be operated. The negligence of the chauf-

feur is not to be imputed to her. (*Little* v. *Hackett*, 116 U. S. 366, [29 L. Ed. 652, 6 Sup. Ct. Rep. 391]; *Bresee* v. *Los Angeles Traction Co.*, 149 Cal. 131, [5 L. R. A. (N. S.) 1059, 85 Pac. 152]; *Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207, 218, [107 Pac. 317].) It is, of course, true, that a passenger in a vehicle operated by another is bound to exercise ordinary care for his own safety. If such passenger is aware that the operator is carelessly rushing into danger, it may be incumbent upon him to take proper steps for his own safety. But here there was evidence that Mrs. Thompson was a stranger in San Diego, that she did not know that the road crossed a railway track, and that she was not aware of the approaching car. Under these circumstances it certainly cannot. be said, as a matter of law, that she was negligent in failing to call the attention of the chauffeur to the danger of the situation. Nor was the evidence such as to compel the conclusion that the chauffeur was manifestly incompetent and inattentive to his duties to such a degree as to impose upon the plaintiff any greater obligation of watchfulness than that which would otherwise have been hers.''

In the case at bar there is the added element that the undisputed evidence shows, and the court in its said instructions assumes, that the plaintiffs knew that the automobile in which they were riding was being driven at a rate of speed prohibited by law, and the question which arises is whether mere knowledge of this fact is to be held to cast upon the plaintiffs the duty of objecting to the conduct of the driver in so operating the machine to the extent of either refusing to continue to ride in the automobile or of having the speed decreased to a lawful rate prior to the happening of the accident. The trial court so charged the jury in these instructions, and in so doing omitted, we think, an essential element noted and referred to in the foregoing cases and particularly emphasized in the case of *Thompson* v. *Los Angeles etc. Ry. Co., supra.* That element consisted in the right of the plaintiffs to have their and each of their duty in the premises measured by the rule of ordinary care. Knowing that the vehicle was being driven at an unlawful rate of speed, they were only bound to take such proper precautions for their own safety as a reasonable person under similar conditions would take. They were not bound

187 Cal.—34

to leave the machine unless such act would be the act of a reasonable person. It might well be that for a passenger to attempt to leave a taxicab being driven at an unlawful rate of speed would be a most unreasonable and reckless act. Neither were they bound to attract or distract the attention of the driver simply because he was proceeding at an unlawful rate of speed, unless the taking of steps to that end would, under the circumstances, have been the act of a reasonable person; since it might well be that so to do would involve greater danger than would arise from proceeding at said rate of speed. The instructions of the court made no allowance for these alternatives, but bound the plaintiffs upon their mere knowledge that the driver was proceeding at an unlawful rate of speed to either leave the machine or compel a reduction of the speed, regardless of whether either of these things could be done or attempted with reasonable safety, and under penalty of losing their right to recovery in the event of an accident caused by such excessive speed. The result of the adoption of the rule embodied in these instructions would be that of imposing upon every passenger in a public conveyance, whether a railroad train, a street-car, or a motor vehicle, the duty whenever they deemed it was proceeding at an unlawful or excessive rate of speed of leaving the conveyance, or of pulling the bell cord signaling the motorman, attracting the attention of the driver, or taking such other steps as were available to either leave the vehicle or to compel the engineer, the motorman or driver to bring the vehicle to a standstill or, at least, work a reduction in its speed. No such duty is, in our opinion, imposed upon passengers for hire in a public conveyance, and it follows that these instructions of the trial court, in so far as they attempted to impose such duty, were erroneous.

These instructions were also erroneous for another reason made plain by the evidence in the case, which shows that these plaintiffs, becoming nervous over the rate of speed and zigzaging motion with which the machine was proceeding, began making efforts by hammering on the window with their hands and calling aloud in an effort to attract the attention of the driver and cause him to lessen the speed of the machine. It was for the jury to determine the sufficiency of these efforts to absolve the plaintiffs of re-

sponsibility under proper instructions of the court. These instructions leave no room for such interpretation, since in effect they charge the jury that the plaintiffs, knowing that the speed of the car was excessive, must either have left the car or succeeded in compelling a reduction in its speed. They did not do the former, and their effort to do the latter, however reasonable, being unsuccessful, would, under these instructions, avail them nothing. Under the foregoing authorities this cannot be the law.

[3] The appellants further contend that the trial court erred in modifying a requested instruction and in giving said instruction to the jury in its modified form. The instruction as asked by the appellants read as follows:

"I charge you that upon a trial of this character it is only necessary for the plaintiffs, in order to establish a *prima facie* case, to prove the overturning of the taxicab and the injuries caused thereby. Having done this, they may rest, for the presumption is that the overturning occurred through the negligence of the driver, and the burden of proving that there has been no negligence is then cast upon the defendants. In order to rebut this presumption of negligence the defendants must show by preponderance of evidence that the overturning was a result of an inevitable casualty, or of some cause which human care and foresight could not prevent. The law holds the defendants responsible for the slightest negligence. It is incumbent upon the defendants to explain how the overturning of the automobile occurred, and if they fail to do this, the presumption of negligence remains."

The court modified this instruction by changing the word "presumption" where it appears therein to the word "inference," and by striking out the words "by a preponderance of evidence." The instructions as thus modified and then given by the court read as follows:

"I charge you that upon a trial of this character it is only necessary for the plaintiffs, in order to establish a *prima facie* case, to prove the overturning of the taxicab and the injuries caused thereby. Having done this, they may rest, for the inference then arises that the overturning occurred through the negligence of the driver, and the burden of proving that there has been no negligence is then cast upon the defendants. In order to rebut this pre-

sumption of negligence the defendants must show that the overturning was a result of an inevitable casualty, or of some cause which human care or foresight could not prevent. The law holds the defendants responsible for the slightest negligence. It is incumbent upon the defendants to explain how the overturning of the automobile occurred, and if they fail to do this, the inference of negligence remains."

The trial court committed no error in making the modification above noted in the plaintiffs' requested instruction and in giving such instruction in its modified form. The instruction as requested by the plaintiffs differs from the instruction approved by this court in the case of *Bonneau* v. *North Shore R. R. Co.*, 152 Cal. 406, [125 Am. St. Rep. 68, 93 Pac. 106], upon which the plaintiffs rely, by the insertion therein of the words "by a preponderance of evidence," which words the trial court properly struck from said instruction. (*Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, [91 Pac. 481]; *Learned* v. *Peninsular Rapid Trans. Co.* (Cal. App.), 193 Pac. 591.) The trial court also properly modified the plaintiffs' requested instruction by the substitution of the word "inference" for "presumption" therein. (*O'Connor* v. *Mennie*, 169 Cal. 217, [146 Pac. 674]; *Onell* v. *Chappell*, 38 Cal. App. 376, [176 Pac. 370]; *Thomas* v. *Visalia Electric R. R. Co.*, 169 Cal. 658, [147 Pac. 972]; *Davis* v. *Hearst*, 160 Cal. 143, [116 Pac. 530].) We think the instruction as modified by the trial court and given in such modified form to the jury embraced a correct statement of the law.

The judgment in each case is reversed.

Shaw, C. J., Lennon, J., Sloane, J., Shurtleff, J., and Waste, J., concurred.

WILBUR, J., Concurring.—I concur.

In view of a new trial, however, I think that it should be stated that the defendant cannot predicate a charge of contributory negligence upon a failure of the plaintiffs to object to the driving of the car at an excessive speed which caused the accident. In such case the proximate cause of the accident is the negligence of the driver in driving at an excessive speed, and not the failure of the passenger to

remonstrate with him for his negligence in so driving.   Nor is the failure of a passenger to leave the car because of such excessive speed an act of contributory negligence.   The passenger had a right to rely upon the duty of the driver to exercise the highest degree of care for his protection. This obligation was contractual and continuing, and the passenger was not obliged to rescind the contract of carriage because of the misconduct of the carrier, but could rely upon the continuing obligation of the carrier to exercise due care for his protection, and such reliance is not an act of negligence.