[Civ. No. 5168.   Second Appellate District, Division One.—March 28, 1928.]

HARRY A. SCHENCK, Respondent, v. LEE L. ROUNTREE, Appellant.

Cassell & Stafford and Frank W. Stafford for Appellant.

Cooper, Collings & Shreve for Respondent.

SHAW, J., *pro tem.*—This action is based on a charge of negligence against the defendant, who appeals from a judgment against him. The case as presented by the findings is as follows: Plaintiff was the owner of a surveyor's transit which a party of his employees were using in surveying. They carelessly and negligently left it standing in a certain public road so as to obstruct travel thereon. Thereupon, an employee of the defendant, driving a brush-laden wagon, came along this road, plainly saw the transit in plenty of time to avoid running into it and attempted to drive around it, but carelessly and negligently knocked it over, causing damage for which the judgment in favor of the plaintiff was given.

On this appeal no objection is made to the sufficiency of the findings which we have thus briefly summarized, but defendant contends that the evidence does not support the findings as to his negligence. We think this contention cannot be sustained. The evidence shows that plaintiff's employees set up the transit in the middle of the traveled part of the road and left it there unattended for fifteen minutes or more. On their return they found it knocked over and injured. On this day, defendant had two employees engaged in driving wagons loaded with brush along this road. In his brief he concedes that the evidence justifies an inference that one of these wagons while so engaged knocked the transit over, but argues that an inference of some other agency is also possible. We cannot follow him upon such an inquiry. Since concededly the finding of the court on this point is supported by the evidence, it is binding upon us no matter how much evidence may appear in support of a contrary finding. There was no

direct testimony as to the knocking down of the transit, but one of the defendant's drivers, O'Daniel by name, testified that he saw the transit several times that day; that on his last trip the other driver passed it ahead of him and that as the witness came along it was still standing in the middle of the traveled part of the road; that he turned out to go around it; that to his knowledge no part of his wagon struck the transit and it looked to him as if the brush was four or five feet from it, but that he was sitting on the front of the wagon on the opposite side from the transit and could not see it after he passed it; that when he came back from dumping his load he saw the transit by the side of the road and some of plaintiff's men inquiring who hit it. This witness testified also that his wagon was between ten and fifteen feet from the transit as he passed it, and that his brush projected three or four feet over the side of the wagon. Defendant also examined the wheel tracks and corroborated this witness as to the distances last mentioned. If the whole of O'Daniel's testimony were accepted as true, it would exonerate the defendant, but the trial court in the exercise of its discretion was not required to accept or reject his testimony as a whole, as defendant seems to contend. It might properly accept a part of that testimony and reject other parts if it considered them inconsistent with facts shown either directly or inferentially by other evidence. Here, it being established that one of the defendant's wagons struck the transit, it is obvious that if O'Daniel was correct in saying that the other wagon preceded him past the transit and left it still standing, his own wagon must have knocked it over and he must have been mistaken in his estimate of the clearance between his load and the transit—as he might easily have been, in view of the fact that the load prevented him from seeing the transit after he passed it. At any rate, the trial court evidently took this view of the evidence, and we cannot say it was not justified in so doing.

O'Daniel testified that he tried to avoid the transit and defendant contends that this shows an absence of negligence; but O'Daniel did not explain how the collision between the transit and his wagon occurred. Taking the view of the evidence most favorable to the judgment, it ap-

pears that the thing causing the injury to plaintiff's transit was under the control of the defendant and that the injury was caused by some act incident to its operation by defendant; and it is of course clear from the circumstances shown that such an accident does not happen in the ordinary course of things if those having the management use proper care. From these facts the court might infer negligence on the part of the defendant under the doctrine of *res ipsa loquitur*. (19 Cal. Jur. 704, 712; *O'Connor* v. *Mennie*, 169 Cal. 217, 223 [146 Pac. 674]; *Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238].)

Defendant further calls attention to the finding that plaintiff's employees were guilty of negligence in leaving the transit in the road, and argues that this negligence continued to the very time of the accident and contributed to it and that for this reason plaintiff cannot recover. Plaintiff in reply to this contention claims that this finding of negligence is not supported by the evidence, but it is unnecessary to pass on this claim, for the error in this respect, if any, was in favor of the appellant and cannot be reviewed on this appeal. But in this case negligence on the part of plaintiff is not a bar to a recovery. Although by such negligence the transit was placed in a position of danger, yet at the time of the accident plaintiff was entirely unable to extricate it from that position, while defendant's employee plainly saw the deserted transit in this dangerous position in time so that by the exercise of ordinary care he could have avoided injuring it, but he negligently failed to do so. A defendant who thus has the last clear chance to avoid the accident is liable notwithstanding the previous negligence of the plaintiff. (19 Cal. Jur. 651; *Young* v. *Southern Pacific Co.*, 189 Cal. 746 [210 Pac. 259]; *Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36].)

We find no error in the record, and the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.