[S. F. No. 12916.   In Bank.—April 29, 1930.]

CATHERINE O'NEILL, Appellant, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

Daniel A. Ryan, Samuel M. Samter and George F. Snyder for Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Respondent.

THE COURT.—This is an action for damages for personal injuries. It is admitted that defendant operates an electric street railway in San Francisco and that on the day in question plaintiff was a passenger for hire on one of the street-cars of defendant. It is also admitted that the street-car in question stopped to discharge passengers, including plaintiff, at the intersection of Van Ness Avenue and Green Street. Plaintiff contends that while the plaintiff was in the act of alighting from the street-car and before she reached the street the street-car started up, causing plaintiff to fall to the street, receiving the injuries of which complaint is made. The defendant contends and introduced evidence to show that plaintiff had alighted from the car and had safely reached the street, when she was menaced by a passing automobile and then, in order to protect herself, she grabbed hold of the rear stanchion or grab-handle of the street-car just after the street-car started up. This grab-handle, defendant's evidence tended to show, was five or six feet from the spot at which plaintiff had alighted. On the issues thus presented the case went to trial before the court and jury, and after a full trial the jury rendered a verdict in favor of the defendant.

Appellant makes no contention that the evidence does not support the verdict, but appeals solely on asserted error of the trial court in the giving and the refusing to give certain instructions.

The trial judge, in effect, instructed the jury that in such case, "there is no legal presumption of negligence but negligence is a fact which like other facts must be proved"; and also instructed the jury that it was necessary "for plaintiff to prove that the accident and resulting injuries were proximately due to negligence of defendant and his servant."

Plaintiff contends that the doctrine of *res ipsa loquitur* applies to the above facts, and that even though

the jury was properly instructed in regard to that doctrine, the above two instructions created such a conflict that the case must be reversed. We cannot agree with appellant in this regard. In *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340 [73 Pac. 164], it was contended that instructions to the effect that the burden of proof is on the plaintiff and that plaintiff must show by a preponderance of evidence that defendant was negligent, were inconsistent with a proper instruction on the doctrine of *res ipsa liquitur.* The court held at page 345 that it was true that the proving of the accident by the plaintiff raised a *prima facie* case, but "it still remained the law that, upon the whole evidence, the plaintiffs must have the preponderance in order to succeed." The doctrine that an instruction to the effect that burden of proof is on the plaintiff is not inconsistent with an instruction embodying the doctrine of *res ipsa loquitur* was also enunciated in the case of *Onell* v. *Chappell,* 38 Cal. App. 375 [176 Pac. 370].

The appellant contends, however, in addition to the contention made above, that the jury was not properly instructed in reference to the doctrine of *res ipsa loquitur* and that the court erred in refusing certain instructions offered by appellant embodying that doctrine. The jury was instructed that a carrier of passengers for hire must use the highest degree of care and diligence for their safety; that if they shall find that plaintiff was injured in the act of alighting from the street-car, or before she had an opportunity to reach a place of safety, "then the burden is cast upon the defendant to prove that the injury was occasioned by an inevitable casualty, or upon some other cause which human care or foresight could not prevent." Although this instruction may not contain as clear a statement of the doctrine of *res ipsa loquitur* as might be desired, we are unable to perceive how the jury was misled thereby, or that the plaintiff was prejudicially affected by the giving of the same. That instruction, when read in connection with the entire charge of the court, and in particular when read in connection with the instructions concerning the burden of proof, clearly told the jury that the burden of disproving its negligence rested on defendant if the jury believed plaintiff's story of the accident. In other words, the jury was told, in effect, that the mere happening of

the accident created an inference of negligence—an instruction that would have been more technically correct. (*Dowd* v. *Atlas T. & A. Service*, 187 Cal. 523 [202 Pac. 870].) We think the jury as reasonably intelligent men must have so understood the instruction. That being the case the plaintiff has shown no injury.

The judgment appealed from is affirmed.

Rehearing denied.