[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 306 
The plaintiffs W.L. Crooks and Fannie Crooks, husband and wife, brought this action against the defendant Henry White for damages for causing the death of their adult son, Walter Crooks.
The case was tried before a jury, which returned a verdict for defendant. From the judgment entered upon this verdict the plaintiffs prosecute this appeal.
On the night of June 18, 1928, defendant was driving his father's automobile from Oakland to Benicia, and Walter Crooks, the deceased, was riding in said automobile as the guest of defendant. When they reached a point on the highway near the town of Pinole the car turned over and Walter Crooks received injuries from which he died on July 10, 1928. The accident happened about 11:30 P.M. and there were no witnesses to the accident other than the occupants of the car. *Page 307 
The defendant gave the following version of the accident: "After leaving that cut, there was a stretch in the road that has been filled in, to bring it up to the level and graded, and just as I got around the turn, I saw there was nobody ahead of me so I went to pass a machine that was in front of me, and in so doing my left wheel got off the side of this bank which comes up quite abruptly, and in an endeavor to pull it back on the road, I must have pulled too hard or something happened anyhow, and I shot directly across the road to the right-hand side and down in the ditch and turned over. I don't know what happened around that time. . . . I believe the car that I started to pass was on its own right side of the road and during the entire passing movement I don't remember that the car got over on to the left side of the road. It remained on its own right side of the road. I turned to the left to pass but got too far to the left and got off the paved highway. . . . I think I got over about a foot and a half down the bank, I guess it was, then I turned the wheel and started to come up the bank. . . . I don't claim that anything went wrong with the mechanism of the car. As a matter of fact, I blame the accident to the fact that I pulled the wheel around too far to get back on the road. That's the only thing I could say. I pulled it around too far at the rate of speed I was going at that time. . . . When I pulled over to the left to pass this car, I felt my car slipping to the left. As soon as I felt that sensation, I pulled to the right. I do not know whether any of the mechanism of the car became tangled or broke. . . . At the edge of the pavement is loose dirt and when my left wheel struck this loose dirt, I felt the car slipping and immediately pulled to the right. . . ."
The witness George Belon testified as to the condition of the road at the place of the accident, as follows: "The shoulders are loose gravel. The highway at that particular point drops down going east in a slight down going grade and both of the shoulders drop off quite severely to a depth of five to eight feet along in there. The surface of the highway is very rough and full of chuckholes."
Appellants contend: (1) That the verdict is unsupported by the evidence; (2) That the court erred in instructing the jury." *Page 308 
In support of the first contention, appellants argue that the defendant failed to overcome the inference of negligence arising from the application of the doctrine of res ipsa loquitur.
 [1] The maxim res ipsa loquitur translated means simply "the thing, or affair, speaks for itself," and so speaking, authorizes the inference of negligence in the absence of a showing to the contrary. [2] The courts of this state have long since adopted the rule laid down in 1 Shearman Redfield on Negligence, 6th edition, page 132, viz.: "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of proper care." (O'Connor v. Mennie, 169 Cal. 217, 223 [146 P. 674]; Judson v. Giant Powder Co., 107 Cal. 549, 556 [48 Am. St. Rep. 146, 29 L.R.A. 718, 40 P. 1020]; Kahn v.Triest-Rosenberg Cap Co., 139 Cal. 341, 344 [73 P. 164];Michener v. Hutton, 203 Cal. 604, 607 [59 A.L.R. 480,265 P. 238]; Valente v. Sierra Ry. Co., 151 Cal. 534, 538 [91 P. 481]; McCurrie v. Southern Pac. Co., 122 Cal. 558, 561 [55 P. 324]; Dixon v. Pluns, 98 Cal. 384, 388 [35 Am. St. Rep. 180, 20 L.R.A. 698, 33 P. 268]; Schenck v. Rountree,90 Cal.App. 443, 446 [265 P. 971].)
[3] The doctrine of res ipsa loquitur is applicable to carriers by automobile without reward, as well as to carriers by automobile for hire and we think is unquestionably applicable in the case at bar. (Brown v. Davis, 84 Cal.App. 180
[257 P. 877], and cases there cited.)
[4] With the aid of the doctrine of res ipsa loquitur it cannot be doubted that plaintiffs placed before the jury a primafacie case of negligence against the defendant. However, the negligence of defendant, thus established, has no greater or different effect than the testimony of witnesses, and does not change the rule as to the burden of proof. The burden of producing a preponderance of the evidence was still upon plaintiffs. (Rathbun v. White, 157 Cal. 248 [107 P. 309];Cody v. Market St. Ry. Co., 148 Cal. 90 [82 P. 666];Scellars v. Universal Service, 68 Cal.App. 252
[228 P. 879]; Scarborough v. Urgo, 191 Cal. 341 *Page 309 
[216 P. 584].) All that defendant was required to do was to produce evidence sufficient to offset the effect of plaintiffs' showing. (Shropshire v. Pickwick Stages, 85 Cal.App. 216-222 [258 P. 1107]; Learned v. Peninsula R.T. Co., 49 Cal.App. 436
[193 P. 591]; Seney v. Pickwick Stages, 82 Cal.App. 226
[255 P. 279]; Lawrence v. Pickwick Stages, 68 Cal.App. 494
[229 P. 885].) When all the evidence was in, then it was a question for the jury to say whether the preponderance thereof was with plaintiffs. The jury has said by its verdict that plaintiffs have failed to sustain the burden of proof cast upon them. Therefore, we are called upon to say whether or not, under all the facts and circumstances appearing in evidence, this conclusion on the part of the jury can be sustained.
[5] The rule is well settled that, even though all facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may reasonably be deduced from those facts, there still remains a question of fact to be determined by the jury, and that the verdict of the jury cannot be set aside by a reviewing court on the ground that it is not sustained by the evidence. In reviewing a question of this kind, all inferences, reasonably possible from the evidence, favorable to the prevailing party, must be indulged by this court. (Anderson v.Los Angeles Transfer Co., 170 Cal. 66 [148 P. 212]; Woodard
v. Glenwood Lbr. Co., 171 Cal. 513 [153 P. 951]; Hassell v.Bunge, 167 Cal. 365 [139 P. 800]; Mah See v. NorthAmerican Acc. Ins. Co., 190 Cal. 421 [26 A.L.R. 123,213 P. 42]; Wilbur v. Wilbur, 197 Cal. 7 [239 P. 332].)
[6] Applying these rules to the evidence in the case at bar, we cannot say, as a matter of law, that the jury's verdict finds no support in the evidence.
Appellants criticise almost every instruction given the jury at the request of defendant.
[7] In defendant's instruction No. 5 the court instructed the jury that, ". . . The mere happening of the accident raises no presumption that the defendant was negligent. . . ." Defendant's instruction No. 11 contains similar language.
These instructions, standing alone, are not technically incorrect, but they are incomplete and did not give to the jury a full statement of the application of the doctrine of *Page 310 res ipsa loquitur. The mere happening of the accident did notraise a presumption that the defendant was negligent, but proofthat the automobile overturned while in the exclusive operationand control of the defendant was sufficient evidence from whichthe jury could draw the inference that defendant was negligent;
or, in other words, the mere proof of the happening of the accident while the automobile was in the exclusive possession of defendant, and that deceased was killed in said accident, raisesan inference of negligence on the part of defendant, — not apresumption as claimed by appellants. (Dowd v. Atlas F. A.Service, 187 Cal. 523-532 [202 P. 870]; O'Neill v. City andCounty of San Francisco, 209 Cal. 418 [287 P. 449]; O'Connor
v. Mennie, supra; Onell v. Chappell, 38 Cal.App. 376
[176 P. 370]; Thomas v. Visalia Elec. R.R. Co., 169 Cal. 658
[147 P. 972, 973]; Davis v. Hearst, 160 Cal. 143
[116 P. 530]; Seney v. Pickwick Stages, supra; Lawrence v. PickwickStages, supra.)
The inaccurate use by courts of the word "presumption," when the word "inference" was intended, has led to some confusion. Furthermore, these words have been frequently used by the courts interchangeably. Both the Appellate and Supreme Courts of this state have expressly approved in some cases and held unobjectionable or harmless error in others, the giving of instructions in cases similar to the case at bar, where the following or similar language was used, viz.: "When it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumentality employed in his business, there is a presumption of negligence which throws uponthe carrier the burden of showing that the injury was sustainedwithout any negligence on his part." (See Jones v. UnitedRailroads of S.F., 54 Cal.App. 744 [202 P. 919]; McCurrie
v. Southern Pac. Co., supra; Cody v. Market Street Ry. Co.,supra; Atkinson v. United Railroads of S.F., 71 Cal.App. 82
[234 P. 863]; Brown v. Davis, supra; Osgood v. Los AngelesTraction Co., 137 Cal. 280-283 [92 Am. St. Rep. 171,70 P. 169]; Housal v. Pacific Elec. Ry. Co., 167 Cal. 245-248 [Ann. Cas. 1915C, 665, 51 L.R.A. (N.S.) 1105, 139 P. 73]; Willard
v. Valley Gas etc. Co., 180 Cal. 561 [182 P. 32]; Lawrence
v. Pickwick Stages, supra; Zerbe *Page 311 
v. United Railroads of S.F., 56 Cal.App. 585 [205 P. 887] and cases therein cited.)
The instruction just quoted is not, technically speaking, a correct statement of the law, but we have been unable to find any case where the giving of such an instruction was, in itself, held to constitute reversible error.
[8] "A presumption is a deduction which the law expressly directs to be drawn from particular facts." (Sec. 1959, Code Civ. Proc.)
"An inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect." (Sec. 1958, Code Civ. Proc.)
In the case of a presumption, the jury must make the deduction which the law directs. In the case of an inference, the jury may make any logical, reasonable deduction which the facts permit. (Davis v. Hearst, supra.)
In Thomas v. Visalia Elec. R.R. Co., supra, the difference between a presumption and an inference is succinctly and correctly stated as follows: "The difference between an evidentiary presumption and an evidentiary inference is simply this, that when the law requires the jury to draw a certain designated conclusion from particular evidence, that conclusion so forced upon the jury is a presumption. Where mandatory presumptions are not exacted, it is the right and duty of the jury to draw such reasonable inferences from the evidence as may appeal to and satisfy their minds."
However, in the case at bar, the court, at the request of appellants, gave the jury an instruction correctly embodying the doctrine of res ipsa loquitur. The court also correctly instructed the jury as to the burden of proof and the preponderance of the evidence, etc. When all the instructions given on the questions of res ipsa loquitur, burden of proof and preponderance of evidence, etc., are considered together, we fail to see how appellants could have been prejudiced by the giving of the two incomplete instructions in question. [9]
Furthermore, if appellants desired that the jury be more specifically instructed as to what inference or inferences could be drawn from certain proved or admitted facts, it was their duty to have requested the court to give such an instruction. This they failed to do and it is now too late to complain of the general instructions given, or predicate error upon the fact that no special *Page 312 
instructions on the subject were given. (Townsend v.Butterfield, 168 Cal. 564 [143 P. 760]; Wirthman v.Isenstein, 182 Cal. 108-111 [187 P. 12]; Weaver v.Carter, 28 Cal.App. 241-248 [152 P. 323]; O'Connor v.United Railroads of S.F., 168 Cal. 43-48 [141 P. 809];Johnson v. Pearson, 100 Cal.App. 503 [280 P. 394];Sherman v. Kirkpatrick, 83 Cal.App. 307 [256 P. 570];Johnson v. Southern Pac. Co., 105 Cal.App. 340
[288 P. 81-88]; Putnam v. Pickwick Stages, 98 Cal.App. 268
[276 P. 1055]; Hardy v. Schirmer, 163 Cal. 272 [124 P. 993].)
Complaint is made of a number of other instructions given the jury at the request of defendant. Some of these instructions, standing alone, are amenable to the criticism urged against them, but when read in connection with all the other instructions given they are clear and unobjectionable.
[10] The rule is well settled that the instructions must be considered in their entirety, and if, when so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable, even though, by selecting an isolated instruction or passages from single instructions, they may in some respects be amenable to just criticism. (Offerdahl v.Motor Transit Co., 80 Cal.App. 667 [252 P. 773]; Lawrence
v. Goodwill, 44 Cal.App. 455 [186 P. 781].)
[11] It is true that one or two instructions given to the jury at the request of defendant were not addressed to any issue in the case and should not have been given, but we fail to see, after a careful examination of the entire record, how any prejudice could have resulted to appellants by the giving of said instructions. Errors not affecting the result are harmless and not cause for a reversal. (San Jose Almaden R. Co. v.Mayne, 83 Cal. 566-569 [23 P. 522]; Pacific Rolling MillCo. v. English, 118 Cal. 123-130 [50 P. 383]; Jones v.United Railroads of S.F., supra.)
We find nothing in the record that would warrant a reversal of the judgment.
The judgment is, therefore, affirmed.
Nourse, P.J., and Sturtevant, J., concurred. *Page 313